UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room 2042<br>Newark, NJ 07102<br>(973) 776-7858 |

September 16, 2015

**LETTER OPINION & ORDER**

Mr. Derris L. Stapleton, Inmate: 1411504640
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, N.Y. 11370

Re:   Derris L. Stapleton, pro se v. C.O. Miguel Bracero, et al.
       Civil Action No. 10-cv-3144-ES-MAH

Dear Litigants:

Presently before the Court is an application for pro bono counsel, filed under 28 U.S.C § 1915(e)(1), by Mr. Derris L. Stapleton, Plaintiff pro se.  See Appl. for Pro Bono Counsel, July 10, 2015, D.E. 63, and August 18, 2015, D.E. 65.  For the reasons set forth below, Plaintiff's request is denied without prejudice.

**Background**

This is a prisoner civil rights case.  Plaintiff is currently an inmate at the George R. Vierno Center in East Elmhurst, New York, and he asserts claims pursuant to 42 U.S.C. § 1983. See Amd. Compl., at 1-2, Aug. 31, 2012, D.E. 20.  In his Amended Complaint, Plaintiff alleges that on September 22, 2008, while being processed at the Bergen County Jail, he and Officer Miguel Bracero became involved in a dispute which resulted in the officer using excessive force against him.  Id.  He claims that he expressed his concerns that he would be attacked by the officer to Sergeant Michael Martinelli but nonetheless, he left the area, leaving Plaintiff unprotected.  Id.

Plaintiff submitted his Complaint and the original application to proceed in forma pauperis ("IFP") on June 17, 2010.  See Compl., D.E. 1.  On December 2, 2010, the Court granted Plaintiff's IFP application and directed Plaintiff's Complaint to be filed.  See Order, Dec. 2, 2010, D.E. 4.  On August 10, 2012, Plaintiff moved for leave to file an Amended Complaint. See Application/Petition to Amend Cmpl., D.E. 18.  The District Court granted that application on October 25, 2012.  See Order, D.E. 22.  The Amended Complaint was deemed filed on October 25, 2012.

**Discussion**

In civil cases, neither the Constitution nor any statute provides civil litigants with the right to appointed counsel.  See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (citations omitted).  However, district courts have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. §1915(e).  See Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (clarifying that courts may request the appointment of counsel) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).   Appointment of counsel may be made at any point during the litigation, including sua sponte by the Court.  Montgomery, 294 F.3d at 498.

To determine the appropriateness of appointing counsel, courts in the Third Circuit consider the framework established in Tabron.  See 6 F.3d at 156-57.   Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Id. If the applicant's claim has some merit, the Court then considers the following factors:

> (1)  the plaintiff's ability to present his or her own case;
> (2)  the complexity of the legal issues;
> (3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4)  the amount a case is likely to turn on credibility determinations;
> (5)  whether the case will require the testimony of expert witnesses;
> (6)  whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron 6 F.3d at 155-58 n. 5).  This is a non-exhaustive list, intended to aid the Court in determining whether it is appropriate to appoint counsel. Montgomery, 294 F.3d at 499 (quoting Parham, 126 F.3d at 457); see also Carson v. Mulvihill, 488 F. App'x 554, 558 (3d Cir. 2012).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 158.  For this reason, the United States Court of Appeals for the Third Circuit maintains that courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499.

Here, the Court assumes that Plaintiff's claims have merit.  Even so, after carefully considering the Tabron factors, the Court concludes that appointing counsel is unwarranted.

First, Plaintiff appears able to present his case.  When analyzing this first factor, courts often consider a party's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  If a plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement.  Id.  Here, Plaintiff has not provided information concerning his education; however, his submissions are cogent and indicate that he can present the essential facts that form the basis of his case.  See Amd. Compl., at 1-2, D.E. 20.  His Amended Complaint, for instance, provides relevant dates and parties concerning the alleged excessive force.  See id.  In addition, Plaintiff has filed several letters with the Court regarding the status of this case and even requested leave to file a motion to amend the complaint, as required by the Federal Rules of Civil Procedure.  See, e.g., Notice of Change of Address, Nov.

7, 2011, D.E. 15, Application to Amend. Cmpl., Aug. 10, 2012, D.E. 18, Letter regarding status of case, Feb. 15, 2013, D.E. 26. Therefore, this factor weighs against the appointment of counsel.

Second, Plaintiff's legal issues are not complex. Complexity usually warrants the appointment of counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156. Courts also consider the "proof going towards the ultimate issue and the discovery issue involved." Parham, 126 F.3d at 459. In the current action, Plaintiff brings a claim for the use of excessive force by an officer. A cause of action under § 1983 exist only when the force used during an arrest was so excessive "as to violate the Fourteenth and Fifteenth Amendments of the United States Constitution." Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995). Here, the facts and circumstances surrounding Plaintiff's case are not complicated. Indeed, Plaintiff's Amended Complaint asserts that the excessive force occurred on a specific date (September 22, 2008), at a specific location (in the Bergen County Jail during processing), and that he notified a sergeant before the event that he was concerned for his safety. See Amd. Compl., at 1-2, D.E. 20. In addition, the case law regarding excessive force claims is "well developed . . . and does not involve the legal complexity that requires representation by a lawyer." Johnson v. De Prospo, No. 08-1813, 2009 WL 276098, at *2 (D.N.J. Feb. 5, 2009). Therefore, this factor weighs against the appointment of counsel.

Third, "where claims are likely to require extensive discovery and compliance with discovery rules, appointment of counsel may be warranted." Tabron 6 F.3d at 156 (citing Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992). Under this factor, courts evaluate the extent to which prisoners … may face problems in pursing their claim." Id. Plaintiff has not demonstrated an inability to conduct factual discovery concerning his allegations. His Complaint, Amended Complaint and his various submissions to the Court indicate that Plaintiff understands the core facts that form the basis of his claim. See Amd. Compl., at 1-2, D.E. 20. Given the specificity of the allegations, it appears that discovery will be targeted to the individuals named in the Amended Complaint. The third factor also weighs against the appointment of counsel.

Fourth, the Court considers whether a case will turn on credibility determinations in the appointment of counsel since "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination." Abulkhair v. U.S. Postal Serv., No. 13-7796, 2014 WL 1607379, at *4 (D.N.J. Apr. 22, 2014). Because most cases will turn on credibility determinations, the Third Circuit requires that courts decide "whether the case is solely a swearing contest." Montgomery, 294 F.3d. 492, 505 (3d Cir. 2002) (citing Parham, 126 F.3d at 460). In the current matter, Plaintiff claims Defendants exercised excessive force during his processing at the jail. See Amd. Compl., Aug. 30, 2012, D.E. 20. Plaintiff further asserts that a sergeant was present and he notified him that he was concerned for his safety. Id. Because discovery is ongoing, it is possible that this case may turn on credibility determinations. As a result, this factor weighs neither for nor against the appointment of counsel. See, e.g., Johnson, 2009 WL 276098, at *3 (concluding the fourth Tabron factor was neutral where even though plaintiff provided three witnesses to an alleged

3

excessive force incident "it [was] too early to determine" if the case would result in a "swearing contest").

Fifth, Plaintiff has not demonstrated that his claim requires expert testimony.  See Appl. for Pro Bono Counsel, July 10, 2015, D.E. 63, Aug. 18, 2015, D.E. 65.  Accordingly, this factor similarly weighs against appointment.

Sixth, and finally, the Court considers a party's ability to afford and retain counsel. Tabron, supra, at 156.   Being certified to proceed IFP meets a necessary condition for having counsel appointed, but even that it is not by itself sufficient.  See Clinton v. Jersey City Police Dep't, No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").  As a result, Plaintiff's recognized inability to afford a lawyer alone does not warrant the appointment of pro bono counsel in this matter.  See Johnson, 2009 WL 276098, at *3 ("[I]ndigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors.").  The sixth factor thus also weighs against appointment.

## Conclusion

For the reasons set forth above, the Court denies Plaintiff's application for pro bono counsel without prejudice.

So Ordered,

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

4