NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| DERRIS L. STAPLETON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 10-3144 (ES) (MAH) |
| C.O. MIGUEL BRACERO, et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

*Pro se* prisoner Plaintiff Derris L. Stapleton ("Stapleton") brought this action under 42 U.S.C. § 1983. This is an excessive force case that has been pending since 2010. Briefly, Stapleton's claims arise out of an alleged injury to his left finger while he was at the Bergen County Jail based on the conduct of certain officers. (*See* D.E. Nos. 20 & 21).

As evident from at least the following three orders, Magistrate Judge Michael A. Hammer has been compelled to explore whether Stapleton sought to prosecute his case and to determine Stapleton's address: (1) an April 15, 2015 order to show cause based on Stapleton's repeated failures to appear for conferences before Judge Hammer, (D.E. No. 57); (2) a November 19, 2015 order based on undeliverable mail, which cited this District's Local Civil Rule 10.1(a) and requested current address information, (D.E. No. 75); and (3) a February 23, 2016 order again citing this District's Local Civil Rule 10.1(a) and requesting current address information, (D.E. No. 83).[1]

---

[1] Local Civil Rule 10.1(a) provides, in relevant part, that: "unrepresented parties must advise the Court of any change in their . . . address within seven days . . . by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court."

In particular, Judge Hammer's November 19 and February 23 orders provided Stapleton 30 days to notify the Clerk of Court of his current address and warned Stapleton that failure to comply could "result in the imposition of sanctions, including dismissal of the Complaint." (D.E. Nos. 75 & 83). Nevertheless, after the February 23, 2016 order, Stapleton has failed to provide any address information to this Court and, in fact, the Clerk of Court received a notification of undeliverable mail on March 15, 2016. (D.E. No. 84). Further, Stapleton has failed to oppose Defendants' motion for summary judgment that has been pending since November 12, 2015. (D.E. No. 74).

## I. Discussion

Stapleton's apparent failure to prosecute this action and comply with Local Civil Rule 10.1(a) requires the Court to determine an appropriate sanction. To determine whether to dismiss a plaintiff's action, the Third Circuit has set forth six factors that must be considered. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Having considered each of these factors below, the Court finds—on balance—the *Poulis* factors weigh in favor of dismissing this action.

1. <u>The extent of the party's personal responsibility</u>

Stapleton has failed to provide this Court with his address, notwithstanding Local Civil Rule 10.1's explicit requirement to do so for *pro se* litigants and Judge Hammer's February 23, 2016 order. His failure to do so precluded Judge Hammer's effort to have a video conference with Stapleton. (*See* D.E. No. 81). Stapleton is responsible for complying with Local Civil Rule 10.1(a) and Court orders. And Stapleton's failure to comply with Local Civil Rule 10.1(a) and Judge Hammer's order reflects a lack of responsibility in prosecuting this action. The Court finds that the first *Poulis* factor weighs in favor of dismissal.

2. <u>Prejudice to the adversary</u>

Stapleton's failure to inform this Court or Defendants of his address—or oppose Defendants' pending summary judgment motion—suggests that he is no longer interested in pursuing this action. To be sure, the Court maintains an interest in resolving this case on the merits. But it cannot do so with a seemingly absent plaintiff. Defendants have been awaiting adjudication of their summary judgment motion for several months, (*see* D.E. No. 74), and have made repeated efforts to locate Stapleton, (*see* D.E. No. 80). Further, Defendants appear to have taken significant efforts to facilitate a video conference pursuant to Judge Hammer's instructions. (*See* D.E. No. 78). Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

3. <u>A history of dilatoriness</u>

As evident from the discussion above, Stapleton's conduct reflects a history of non-compliance. Stapleton has previously corresponded with this Court, (*e.g.*, D.E. No. 64 (requesting pro bono counsel), D.E. No. 77 (December 27, 2015 change of address notification)), and thus demonstrates an ability to respond to Judge Hammer's orders and Defendants' summary judgment motion. But Stapleton's failure to communicate with the Court or Defendants—in particular, regarding his address—has resulted in several undeliverable mailings. (*E.g.*, D.E. Nos. 68, 73, 76 & 84). The Court finds that the third *Poulis* factor weighs in favor of dismissal.

4. <u>Whether the attorney's conduct was willful or in bad faith</u>

Stapleton is a *pro se* litigant. To be sure, nothing in the record suggests that he is acting in bad faith. As such, the Court cannot conclude at this time that the fourth *Poulis* factor weighs in favor of dismissal.

5. Alternative sanctions

Without knowing where Stapleton is, "the Court is simply unable to communicate to Plaintiff any alternative sanctions." *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *3 (D.N.J. Jan. 23, 2015) (citations omitted). Indeed, Judge Hammer's most recent order, (D.E. No. 83), resulted in an undeliverable mail notice, (D.E. No. 84). Accordingly, the Court finds that the fifth *Poulis* factor weighs in favor of dismissal.

6. Meritoriousness of the claim

As noted, Defendants have moved for summary judgment and Stapleton has not opposed Defendants' motion. But, before this case was reassigned to the Undersigned in July 2011, the Honorable Jose L. Linares, United States District Judge for the District of New Jersey, ruled that complete dismissal was not warranted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (*See* D.E. No. 3). In light of this, as well as Stapleton's *pro se* status, the Court does not find that the sixth *Poulis* factor weighs in favor of dismissal.

**II.    Conclusion**

On balance, the *Poulis* factors weigh in favor of dismissing this action. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion . . . ." (citation omitted)). The Court exercises its discretion to dismiss Stapleton's complaint given the above analysis of the *Poulis* factors, Stapleton's failure to comply with Local Civil Rule 10.1(a), and Stapleton's failure to comply

- 5 -

with Judge Hammer's order (namely, his February 23, 2016 order).  Accordingly, the Court finds that a sanction of dismissal is warranted.[2]

<i>s/Esther Salas</i><br>
<b>Esther Salas, U.S.D.J.</b>

---

[2] Given Stapleton's *pro se* prisoner status, the Court dismisses this action without prejudice as set forth in the accompanying Order.  *See Stewart v. Taylor*, No. 11-5983, D.E. No. 4 (D.N.J. Dec. 12, 2011) (dismissing *pro se* prisoner's petition without prejudice where the petitioner failed to comply with Local Civil Rule 10.1(a) and having considered the *Poulis* factors).